Electronically FILED by Superior Court of California, County of Los Angeles on 06/26/2020 03:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Calagna,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number, and address): | FOR COURT USE ONLY |
|---|---|
| Judy C. Wong (No. 246915)<br>Law Offices Of Judy Wong<br>1901 S Mountain Avenue, Monrovia, CA 91016 | |

TELEPHONE NO.: (626) 678-7766  FAX NO. (Optional): (909) 657-0433
ATTORNEY FOR (Name): Q P D SOURCING, INC dba QPD INTERNATIONAL, INC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: Pomona Courthouse
MAILING ADDRESS: 400 Civic Center Plaza
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME: Pomona Courthouse South

CASE NAME:
Q P D SOURCING, INC, v. PORTLAND ACCESSORIES, LLC, and MICHAEL CASTER

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [×] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 20PSCV00411<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[×] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [×] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [×] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 3 - Breach of Contract, Fraud and Deceit, Common Count
5. This case [ ] is [×] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 26, 2020

Judy C. Wong
(TYPE OR PRINT NAME)  ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use  **CIVIL CASE COVER SHEET**  Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California  Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]  www.courts.ca.gov

**EXHIBIT A**
**Page 1 of 14**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**EXHIBIT A**

**Page 2 of 14**

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]    [Save this form]    [Clear this form]

| SHORT TITLE: Q P D SOURCING, INC. v. PORTLAND ACCESSORIES, LLC et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☑ | A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ | A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ | A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ | A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ | A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ | A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ | A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ | A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ | A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ | A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ | A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LASC CIV 109 Rev. 12/18<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|

EXHIBIT A
Page 3 of 14

| SHORT TITLE: Q P D SOURCING, INC. v. PORTLAND ACCESSORIES, LLC et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☑ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

EXHIBIT A
Page 4 of 14

| SHORT TITLE: Q P D SOURCING, INC. v. PORTLAND ACCESSORIES, LLC et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

EXHIBIT A
Page 5 of 14

| SHORT TITLE: Q P D SOURCING, INC. v. PORTLAND ACCESSORIES, LLC et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: 12368 Valley Blvd., Ste 107 |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | |

| CITY: El Monte | STATE: CA | ZIP CODE: 91732 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Los Angeles District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 26, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

EXHIBIT A
Local Rule 2.3
Page 6 of 14
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 06/26/2020 03:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Calagna,Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PORTLAND ACCESSORIES, LLC AND MICHAEL CASTER, AND DOES 1 TO 100 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Q P D SOURCING, INC. dba QPD INTERNATIONAL, LLC

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
POMONA COURTHOUSE, 400 CIVIC CENTER PLAZA, POMONA, CA 91766

CASE NUMBER: *(Número del Caso):*
20PSCV00411

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JUDY C. WONG (246915) 1901 S MOUNTAIN AVENUE, MONROVIA, CA 91016

DATE: JUNE 26, 2020    Sherri R. Carter Executive Officer / Clerk of Court    Clerk, by C. Calagna , Deputy
*(Fecha)*                                                                    *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [x] on behalf of *(specify)*:
   under: [x] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**EXHIBIT A**
**Page 7 of 14**

**Judy C. Wong, Esq. (SBN 246915)**
**Law Offices of Judy Wong**
1901 S Mountain Avenue
Monrovia, CA 91016
Telephone: (626) 678-7766
Fax: (909) 657-0433
Attorney for Plaintiff, Q P D SOURCING, INC. dba QPD INTERNATIONAL,INC.,
A California Corporation

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES, POMONA COURTHOUSE**

| | |
|---|---|
| Q P D Sourcing, Inc. dba QPD INTERNATIONAL, Inc., a California Corporation<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>Portland Accessories, LLC, an Oregon Limited Liability company; and MICHAEL CASTER, an individual, and DOES 1 through 10 inclusive.<br><br>　　　　　　Defendants | Case No.:<br><br>[unlimited civil case]<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF WRITTEN CONTRACT - PROMISSORY NOTE**<br>2. **FRAUD AND DECEIT DUE TO PROMISE WTIHOUT INTENT TO PERFORM**<br>3. **COMMON COUNT** |

　　　Plaintiff QPD SOURCING, INC. dba QPD INTERNATIONAL, INC., a California corporation,("QPD") alleges against Defendant PORTLAND ACCESSORIES, LLC, an Oregon Limited Liability Company ("Portland"), MICHAEL CASTER ("CASTER"), an individual, and Does 1-100 as follows:

### THE PARTIES

　　1. Plaintiff Q P D SOURCING, INC. dba QPD INTERNATIONAL, INC. ("QPD"), A California corporation, qualified to do business in the State of California.

2. QPD is informed and believes and on that basis alleges that Defendant Portland Accessories is a company incorporated under the laws of Oregon with its principal offices located at 2262 N Albina Ave STE 276, Portland, OR 97227.

1. QPD is informed and believes and on that basis alleges that Defendant Michael Caster is an individual residing at 1933 NW Quimby Street, Portland, OR 97209.

2. Defendants DOES 1 through 10, inclusive are sued herein under fictitious names, their true names and capacities being unknown to QPD.  QPD will seek leave of Court to amend this Complaint by inserting their true names and capacities in the place and stead of fictitious names when the same have been ascertained.

3. QPD is informed and believes that on that basis alleges that each of the Defendant designated DOES 1 through 10, inclusive, is responsible in some manner for the acts and occurrences herein alleged, whether such acts and occurrences were committed intentionally, negligently, recklessly, or otherwise and that each DOE Defendant is liable to QPD for the damages suffered by QPD.

4. At all times herein mentioned, each of the Defendants was the agent and employee and/or alter ego of each of the remaining Defendants, and was, in doing the things herein complained of, acting within the scope of such agency and employment.

## JURISDICTION AND VENUE

5. This court has jurisdiction over the subject matter and all defendants.  The promissory note at issue was executed in the State of California and Defendants and Does 1 to 10 have sufficient minimum contacts with the State of California.

6. Venue is proper in this county because the acts, events, and damages alleged herein, including the execution of the contracts at issue as well as other acts occurred in the County of Los Angeles.

7. In accordance to paragraph 6 of the May 2019 Promissory Note, the parties contractually agreed to jurisdiction and venue in the state and federal courts in the State of California.

## FACTUAL BACKGROUND

8. QPD is a manufacturer of accessories with offices in China, Taiwan and United States.

9. Portland Accessories designs and sells sporting accessories. They are based in Portland, Oregon and have been purchasing from Plaintiff for many years.

10. From 2018 to 2019, Defendants placed orders with QPD to produce the Spring 2019, Fall 2019 and Spring 2020 product line. Following each delivery of the goods, QPD would provide Defendants a statement of invoices and payments. Caster would pay according to his proposed payment plan. Defendants kept a running balance with QPD and continued to send orders to QPD with a delivery deadline.

11. On or about May 17, 2019, in order to ensure Defendants to pay the large accumulated outstanding balance, Defendants executed a promissory note in favor of QPD for the principal sum of NINE HUNDRED THOUSAND DOLLARS ($900,000.00), attached hereto as **Exhibit A** ("May 2019 Promissory Note"). This promissory note is a good faith payment plan for the goods delivered by QPD to Defendant for the **Spring 2019** order and for the outstanding balance Defendant has with QPD.

12. Under the terms articulated in the May 2019 Promissory Note, Defendants agreed to repay the principal sum of $900,000 in full by October 30th, 2019 per the payment schedule outlined in Paragraph 2. The May 2019 Promissory Note provides that in the event of default, Defendants have to pay for all reasonable costs, expenses, expenditures including but not limited to legal costs, in addition to the outstanding principal.

13. On or about July 2019, Defendants stopped making payments and defaulted on the note.

14. At around the same time, Defendants kept delaying payments for Fall 2019 order and placed a new order for Spring 2020. QPD is also in debt to its factory from Defendants' inability to pay their outstanding balance. QPD explained to Defendants that Defendants needed

to pay additional deposit for the new order in order for QPD to purchase the material for their order.

15. Defendants continued to make excuses and said they do not have money to pay.

16. As a result of Defendants inability to pay QPD, QPD was forced to close down the factory.

17. QPD then commenced collection efforts against Defendants, sending letters to Defendants regarding the collection of the claim.

### FIRST CAUSE OF ACTION

**(By Plaintiff Against Defendants and Does 1 through 10 For Breach of Written Contract – Promissory Note)**

18. QPD realleges and incorporates by this reference the preceding paragraphs of this Complaint as though fully set forth therein.

19. The aforementioned Promissory Note dated May 17, 2019 ("May 2019 Promissory Note") is a valid and enforceable contract between Plaintiff and Defendants.

20. Plaintiff has performed all conditions, covenants, and promised required on Plaintiff's part to be performed pursuant to the May 2019 Promissory Note.

21. On or about July 2019, Defendant materially breached the May 2019 Promissory Note in the fact that Defendants have failed to make required payment(s) as explicitly described in the promissory note.

22. Despite repeated demand, communicated by QPD to Defendants to make such payment, Defendants continue to refuse to make such payment required under the May 2019 Promissory Note.

23. As a direct and proximate result of Defendants' material breach of the May 2019 Promissory Note, Plaintiff has been damaged in the amount of $514,508.00 plus interest of 2% per annum since inception of the note for Defendants' failure to repay the principal with interest.

////////

////////

## SECOND CAUSE OF ACTION

**(For Fraud and Deceit Due to Promise without Intent to Perform)**

1. QPD realleges and incorporates by this reference the preceding paragraphs of this Complaint as though fully set forth therein.

2. On or about May 2019, when Defendants executed the May 2019 Promissory Note, Defendants have no intention of performing them.

3. Caster signed the Promissory Note with the intent to induce Plaintiff to continue to accept their new orders and produce for him.

4. QPD, at the time this promise was made and at the time QPD took the actions herein alleged, was ignorant of Caster's secret intention not to perform. In reliance on the promises of Portland, QPD placed their new orders with the factory and provided financing to Caster. If QPD had known of the actual intention of Caster, QPD would not have taken such action.

5. Caster failed to abide by their promises after entering into the Promissory Note and receiving financing.

6. As a proximate result of the fraudulent conduct of Defendants as herein alleged, QPD has lost over $550,000.00 plus interest. QPD has been damaged in the sum to be proven at trial along with all other costs and fees necessarily incurred to pursue QPD's damages.

7. The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendants, with the intention on the part of Defendants of thereby depriving of QPD of property or legal rights or otherwise causing injury, and was despicable conduct that subjected QPD to a cruel and unjust hardship in conscious disregard of QPD's rights, so as to justify an award of exemplary and punitive damages.

/ / / / / / /
/ / / / / /
/ / / / / /
/ / / / / /
/ / / / / /

## THIRD CAUSE OF ACTION

### (Common Count Against Defendants and DOES 1 through 10, Inclusive)

24. QPD realleges and incorporates by this reference the preceding paragraphs of this Complaint as though fully set forth therein.

8. Plaintiff and Defendants engaged in financial transactions for good sold and delivered.

9. Plaintiff kept an account of the debits and credits involved in the transactions.

10. Defendants owe Plaintiff money on the account in the amount of $514,508.00 plus interest of 2% per annum.

11. No part of the outstanding balance has been repaid, although payment has been demanded, leaving the balance due, owing, and unpaid to Plaintiff in the amount of $514,508.00 plus interest at the legal rate.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below:

**FIRST CAUSE OF ACTION:**

1. For damages in the principal sum of $514,508.00, together with interest thereon at the maximum legal rate;
2. For attorney fees against Defendants pursuant to paragraph 4 of the May 2019 Promissory Note.
3. For costs of suit pursuant to paragraph 4 of the May 2019 Promissory Note.

**SECOND CAUSE OF ACTION:**

4. For payment of debt in the amount of $514,508.00
5. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

**THIRD CAUSE OF ACTION:**

1. For payment of debt in the amount of $514,508.00;

**FOR ALL CAUSES OF ACTION:**

1. For prejudgment interest as allowed by law;
2. For cost of suit; and
3. For such other and further relief as the Court deems just and proper.

Dated: June 24, 2020

                                          LAW OFFICES OF JUDY WONG

                                        BY: _____

                                        Judy C. Wong
Attorney for Plaintiff
Q P D Sourcing, Inc dba QPD International, Inc., A California Corporation